PEST v. CITY OF LAKEWOOD.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9055. Decided May 28, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

661. INTOXICATING LIQUOR—941. Practice and Procedure.

Fact that automobile was halted and searched, and no liquor found, and driver was taken into custody, charged with illegal transportation, before affidavit was made and warrant issued, held not to invalidate proceedings which followed and which resulted in conviction and fine.

1265. WEIGHT OF EVIDENCE—333. Criminal Law.

Decisions in civil cases, relative to reversal of judgment on weight of evidence, apply to criminal cases providing evidence is of such character that, applying rules of criminal law, there is, on the face of the record, legal warrant for conviction.

Error to Municipal Court.

Judgment affirmed.

L. J. Pridgson, Cleveland, for Pest.

W. L. Davis, Cleveland, for City of Lakewood.

STATEMENT OF FACTS.

This cause is here on error proceedings from the Municipal Court of the city of Lakewood, Ohio, and in passing we note that it is the first case that comes from that municipality to this court, under the recent legislation creating a Municipal Court for that city.

It appears from the record that on January 26, 1928, Frank Pest and his wife were driving an automobile through the city of Lakewood, and they were halted and an examination made of their automobile for the purpose of ascertaining whether liquor was being transported, and it appears that the result indicated no evidence of the transportation of liquor by that examination. Later, after an investigation was had, and subsequent to the taking of plaintiff in error to the police station, after a search as above noted, of the automobile, an affidavit was duly made charging the plaintiff in error with the transporting of intoxicating liquor and thereupon a warrant was issued and a hearing had wherein a conviction was had and the point is urged that the arrest and prosecution is tinctured with illegality because

the automobile was halted and the plaintiff in error taken into custody before there was an affidavit made, charging the offense, and before a warrant and arrest under the warrant and affidavit followed.

It appears that from the time the automobile was halted and the examination, as above noted, was made, an investigation resulted which led the officers to the conclusion that plaintiff in error, with his wife, were returning from a certain place where liquor had been delivered by him, and that was the reason that no liquor was found in the automobile, and it is upon this information that the affidavit was made and the warrant issued, and the hearing had.

SULLIVAN, PJ.

We do not think that the initial act above set forth invalidated the proceedings which subsequently followed and which resulted in a fine of $300.00 and costs, the sentence which was pronounced at the January Term of the Criminal Branch of the Municipal Court of Lakewood, and under the warrant and affidavit, alluded to above.

Therefore, we proceed to examine the record as to whether there was credible evidence under the rules of criminal law, to warrant the conviction, and adhering to the authorities laid down by the Supreme Court that the reviewing court may not reverse the judgment where the trial court has submitted to it credible evidence under the rules of criminal law, which would be sufficient to base a conviction in a criminal case, beyond the existence of a reasonable doubt, we hold that under the record there could be no hypothesis of innocence.

Breeze v. State 12 O.S. 146, Remington v. Harrington 8. Ohio 507; Higgins v. Rocher, 22 C.C. 112, 12 C.D. 220; Painesville Utopia Theater Co. v. Lautermilch, Ohio Law Bulletin and Rep. March 5, 1928, 125. These decisions apply to criminal cases as well as civil cases, providing the evidence is of such a character that applying the rules of the criminal law there is on the face of the record, a legal warrant for conviction.

Holding these views the judgment of the lower sourt is hereby affirmed.

(Vickery and Levine, JJ., concur.)